IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAINE ANDREWS,** | Civil No. 08-1669 |
| **Plaintiff** | JUDGE SYLVIA H. RAMBO |
| v. | |
| **BUREAU OF CODES ADMINISTRATIVE OFFICE,** *et al.*, | |
| **Defendants** | |

# M E M O R A N D U M

Before the court is Plaintiff Delaine Andrews' Amended Motion for Judgment for Defendant's Intentional Lack of Cooperation and Refusal to Comply with Court Order to Provide Discovery or Alternatively Motion to Compel Discovery Response.[1] (Doc. 45.) In this motion, Plaintiff seeks sanctions against Defendants based on her belief that Defendants have not responded truthfully or in good faith to her requests for discovery. Defendants filed a response, (Doc. 51), and Plaintiff has filed her reply, (Doc. 62). The motion is now ripe for disposition.

In her amended motion, Plaintiff complains that Defendants have not answered truthfully to her "Request for Information"—which appears to be a request for production of documents—specifically, requests number 7, 9, 19, 21-24, and 26. While the court can dispose of Plaintiff's motion in part without the need for a hearing, certain issues require further explanation from Defendants. Accordingly, the court will address here only those issues that can be disposed of, and will schedule a hearing for 10:00 a.m. on March 1, 2010 to hear from the parties on the remaining issues.

---

[1] Plaintiff filed her original on January 4, 2010. (Doc. 42.) She then filed her amended motion on January 6, 2010. (Doc. 45.) So far as the court can tell, these motions are substantively identical. Accordingly, the court will deem Plaintiff's original motion moot, and will address only Plaintiff's amended motion.

**I.**      **Issues that can be resolved without the need for a hearing**

   **A.**   **Document Requests 7 & 9**

Requests number 7 & 9 read as follows:

> 7. Any handbook or document of Bureau of Code demonstrating standard operating procedures regarding housing code violations, Condemnation of properties, notice to rehabilitation of properties, notice to correct property maintenance code violations.
>
> 9. Any internal work related documents regarding Bureau of Code policies, procedures, protocols regarding Condemnation of Properties, Notice to Rehabilitate Properties, Notice to Correct Property Maintenance Code Violations.

(Doc. 52, Defs.' Br. in Opp. at 2.)[2]  In response to these requests, Defendants sent Plaintiff a copy of the 2000 International Property Maintenance Code, which was adopted by the City of Harrisburg through Ordinance # 20 of 2001. (*See* Doc. 47, Pl.'s Ex. E, at 19 of 39.)  Defendants also informed Plaintiff that the Bureau of Codes "does not have a handbook or other document containing its standard operating procedures," and that "all policies, procedures and protocols of the Bureau of Codes relative to notice requirements for violations are contained in the 2000 International Property Maintenance Code." (*Id.*)  Plaintiff contends that this response was untruthful because Plaintiff uses "housing complaint forms to record housing related complaints," and attaches as support a blank copy of such a form. (*See id.*, Pl.'s Ex. F, at 23 of 39.)

For their part, Defendants assert that the document attached as Exhibit F to Plaintiff's brief does not fit within the scope of either of Plaintiff's requests. The court agrees. The document attached as Exhibit F is a form that allows

---

[2]Plaintiff did not provide copies of her request for documents, so the court is relying on Defendants' recitation of these requests.

individuals to file a complaint with the City about perceived housing code violations; it is not a policy, handbook, or procedure of the Defendants. Moreover, it is difficult for the court to see what it is that Plaintiff objects to; after all, she clearly is in possession of the form that she contends fits within the scope of her request for production of documents. Furthermore, Plaintiff has pointed to nothing convincing the court that Defendants are withholding information from her about their policies and procedures. Plaintiff's subjective belief that Defendants are lying is not evidence that they are, and without more than speculation the court will not sanction Defendants.

### B. Document Request # 19

Neither party provides the wording of Plaintiff's request # 19. From what the court can glean, Plaintiff asked for any instructional documents related to condemned properties. In response, Defendants stated that they "have no such documents. Procedures related to condemned properties are found in the International Property Maintenance Code." (Doc. 47, Pl.'s Ex. E, at 20 of 39.) Again, Plaintiff asserts that Defendants are lying and submits a document titled "Building Permit Requirements for Condemned Buildings" as proof of Defendants' deception. (*Id.* at 25 of 39.) Defendants respond by stating that the document referenced by Plaintiff is "merely a list of items to be submitted with building permit applications. The document makes no attempt at [instructing] a property owner or contractor as to how to comply with building permit requirements." (Doc. 52, Def.'s Br. in Opp. at 3.) Having reviewed Plaintiff's Exhibit G, the court agrees with Defendants' assessment and accepts Defendants' explanation.

**II.     Issues that require a hearing**

   **A.     Document Request # 21**

Neither party provides the wording of Plaintiff's request # 21. Based on Plaintiff's motion, however, it appears that this request was directed at property inspection notes for inspections of condemned properties. Defendants responded, as follows: "Defendants do not maintain inspection notes for properties. All available inspection reports are bing provided for those properties in Exhibit A where the addresses are valid." (Doc. 47, Pl.'s Ex. E, at 20 of 39.) Plaintiff contends that this response must be false, because she received hand written notes at her inspection on carbon paper, and the bottom of that paper says that a white copy is kept in the office. Defendants implicitly acknowledge that such notes are made, but states that these notes are given to the homeowner, and that "Defendants do not require that such notes be stored in property files." (Doc. 52, Def.'s Br. in Opp. at 3.)

The court finds it incredible that the city would not keep a copy of notes that it provides to homeowners, which presumably are meant to guide the homeowner in making repairs. Furthermore, as Plaintiff points out, the notes themselves indicate that a copy is retained in the office. (*See* Doc. 47, Ex. H, at 9 of 39.) Accordingly, Defendants will be ordered to explain this discrepancy, and explain why no copies are retained. In the alternative, they must show cause why Plaintiff's motion should not be granted as to Document Request # 21.

   **B.     Document Request # 22, 23, 24**

Plaintiff's Document Requests Nos. 22, 23 and 24 read as follows:

22. Any and all documents or copies of summons issued against any defendant for violation of Property Maintenance Code Adoption Section 8-107 with Commonwealth of Pennsylvania, Bureau of Codes Officer as the affiant between 2000 to present.

> 23. Any and all documents or copies of summons issued against any City of Harrisburg property owner for violation of City Ordinance # 20 of 2001 with Commonwealth of Pennsylvania, Bureau of Codes Officer as the affiant between 2000 to Present in the City of Harrisburg.
>
> 24. Any and all documents were copies of summons issued against any city of Harrisburg property owner for violation of Property Maintenance Code Adoption Section 8-107 and/or the City Ordinance #20 of 2001 with Commonwealth of Pennsylvania, by Earl Diffenderfer Bureau of Codes Officer as the affiant between 2000 to present in the City of Harrisburg from 2000 to present.

(Doc. 52, Defs.' Br. in Opp. at 4.) Defendants responded to each of these requests by simply stating that "Defendants do not issue summons. These are issued by the magisterial district court. Defendants do not retain copies of summons." (Doc. 47, Pl.'s Ex. E at 20 of 39.) Plaintiff believes that Defendants are lying because the code inspectors fill out and sign the citations, and maintain a copy of the citation in their records. Plaintiff asserts that she has "observed all Bureau of Code inspector[s] use and refer to their copies of citations in the property file in court proceedings." (Doc. 62, Pl.'s Reply Br., ¶ 4.)

Plaintiff has provided a copy of a citation issued to her, and signed by Defendant Earl Diffenderfer. (Doc. 47, Pl.'s Ex. L, at 36 of 39.) Like the inspection notes discussed above, the court finds it incredible that Defendants do not maintain copies of the citations that they seek. While they may not issue citations, Defendants certainly initiate them, and the court is interested in hearing from Defendants what happens to the citations after they are filed, and how they are maintained. Accordingly, Defendants will be ordered to show cause why Plaintiff's motion should not be granted as to Document Request #s 22, 23, and 24.

### C. **Document Request # 28**

In Document Request 28, Plaintiff asked for "[c]opies of all Building/Fire/Zoning permit applications for all City of Harrisburg properties from 2000 to Present (including date approved)["]. (Doc. 52, Defs.' Br. in Opp. at 5.) Defendants objected to this request on the grounds that this information "is confidential in nature and may not be released by Defendants without permission of the property owner." (Doc. 47, Pl.'s Ex. E, at 21 of 39.)

Based on the briefing by the parties, the court is not convinced that the records sought by Plaintiff meet the exception to the Right to Know Law that Defendants allege. Specifically, the document provided by Plaintiff does not reveal any identifying information that appears to meet any of the exceptions listed in § 708 of the Right to Know law. *See* 65 Pa. Cons. Stat. Ann. § 67.708. Accordingly, Defendants will be ordered to show cause why Plaintiff's motion should not be granted as to Plaintiff's Document Request # 28.

### D. **L Drive**

On November 3, 2009, Plaintiff requested access to Plaintiff's "L Drive." Defendants responded that the "L Drive" to which Plaintiff refers does not exist, they also appear to argue that it would be overly burdensome to search for condemnation documents in the city's computers. Given the discrepancies pointed out by Plaintiff, Defendants will be ordered to show cause why Plaintiff's request to examine the condemnation documents stored on the city's computer should not be granted. If Defendants response is that the "L Drive" no longer exists, Defendants should come prepared to discuss the fact that a document appears to have been created from that drive in December 2009. (*See* Doc. 47, Pl.'s Ex. J, at 31-33 of 39.) If Defendants' response is that it would be overly burdensome to allow inspection of

the drive containing the city's condemnation documents, Defendants must present evidence of this burden at the hearing.

### E. February 2010 Request for Inspection of Documents and other miscellaneous issues

On February 12, 2010, Plaintiff sent Defendants an additional request for information. (*See* Doc. 63, Pl.'s Ex. L at 29 of 57.) These requests appear to be identical to those previously addressed to Defendants, and which are the subject of Plaintiff's present motion.

Also, it is unclear from Plaintiff's filing whether, in addition to the issues raised in Plaintiff's motion, there is other outstanding discovery that she believes she is owed. In particular, it is not clear based on the record whether Defendants responded to Plaintiff's November interrogatories which Plaintiff attached to her reply brief. (*See* Doc. 63, Pl.'s Ex. G, at 17 of 57.) Plaintiff shall come prepared to the hearing to discuss these issues.

### F. Plaintiff's Motion to Enlarge Discovery Deadline

On February 17, 2010, Plaintiff filed a motion to enlarge the discovery deadline. (Doc. 59.) The court will defer ruling on this motion until after the hearing on March 1, 2010. The parties shall come prepared to discuss how much additional time they need.

## III. Conclusion

The court will issue an order consistent with this memorandum

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: February 19, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAINE ANDREWS,** | : Civil No. 08-1669 |
| Plaintiff | : |
| v. | : JUDGE SYLVIA H. RAMBO |
| **BUREAU OF CODES ADMINISTRATIVE OFFICE,** *et al.*, | : |
| Defendants | : |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's motion to compel discovery, (Doc. 42), is **DEEMED MOOT**;

(2) Plaintiff's amended motion to compel discovery, (Doc. 45), is **DENIED IN PART, and DEFERRED IN PART**, as follows:

(a) The motion is **DENIED** as to Plaintiff's request for production of documents numbers 7, 9, and 19; and

(b) A ruling on the remainder of Plaintiff's motion is **DEFERRED** pending a hearing.

**IT IS FURTHER ORDERED THAT** Defendants' shall show cause, consistent with the discussion outlined in the attached memorandum, why the remainder of Plaintiff's motion should not be granted. A hearing for this purpose will be held at 10:00 a.m. on March 1, 2010, in Courtroom 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, PA 17101.

The parties shall come fully prepared to discuss the issued raised by the court in the attached memorandum.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: February 19, 2010.