IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAINE ANDREWS,** | Civil No. 08-1669 |
| **Plaintiff** | JUDGE SYLVIA H. RAMBO |
| v. | |
| **BUREAU OF CODES ADMINISTRATIVE OFFICE,** *et al.*, | |
| **Defendants** | |

# **M E M O R A N D U M**

Before the court is Plaintiff Delaine Andrews' Amended Motion for Judgment for Defendants' Intentional Lack of Cooperation and Refusal to Comply with Court Order to Provide Discovery or Alternatively Motion to Compel Discovery Response. (Doc. 45.) In this motion, Plaintiff seeks sanctions against Defendants based on her belief that Defendants have not responded truthfully or in good faith to her requests for discovery. Defendants filed a response, (Doc. 51), and Plaintiff has filed her reply, (Doc. 62). The motion is now ripe for disposition. The court previously ruled on this motion in part, and deferred it in part, by memorandum and order dated February 19, 2010. (Doc. 64.) The court held a discovery hearing on March 1, 2010. This memorandum addresses the remaining issues.

**I.** **Document Request # 21**

In this request, Plaintiff seeks the inspection notes from property inspections for a list of properties provided as Exhibit A to her requests. Defendants presented the testimony of Arden Emerick, the assistant codes administrator for the City of Harrisburg. According to Mr. Emerick, the City has copies of these notes going back only about a year. Prior to that time, no notes were retained and the City did not have a retention policy; it was up to the individual inspectors to maintain

their own files. Defendants will be ordered to produce any notes that they have for the list of properties in Plaintiff's Exhibit A. They are instructed to order their codes inspectors to check their files and turn over any notes that they may have for these properties.

**II.** **Document Request # 22, 23, 24**

Plaintiff's Document Requests Nos. 22, 23 and 24 read as follows:

> 22. Any and all documents or copies of summons issued against any defendant for violation of Property Maintenance Code Adoption Section 8-107 with Commonwealth of Pennsylvania, Bureau of Codes Officer as the affiant between 2000 to present.
>
> 23. Any and all documents or copies of summons issued against any City of Harrisburg property owner for violation of City Ordinance # 20 of 2001 with Commonwealth of Pennsylvania, Bureau of Codes Officer as the affiant between 2000 to Present in the City of Harrisburg.
>
> 24. Any and all documents were copies of summons issued against any city of Harrisburg property owner for violation of Property Maintenance Code Adoption Section 8-107 and/or the City Ordinance #20 of 2001 with Commonwealth of Pennsylvania, by Earl Diffenderfer Bureau of Codes Officer as the affiant between 2000 to present in the City of Harrisburg from 2000 to present.

(Doc. 52, Defs.' Br. in Opp. at 4.)

Defendants have read these requests very narrowly. At the hearing, Defendants indicated that they did not take these requests to mean that they must turn over citations issued by the City. Instead, since only Magisterial District Judges issue summons, the City responded that they do not have to comply with this request. The court does not read this request so narrowly, and construes it to apply to citations issued by the City as well as summons.

At the hearing, and in a follow-up e-mail correspondence with both parties, the court learned that the City can retrieve citations issued if given a list of properties. Accordingly, Defendants are ordered to produce all citations that comply with Plaintiffs' requests 22 through 24 for the properties listed in Exhibit A to her requests. The court understands that Plaintiff requested copies of all citations issued for any Harrisburg property, but this request is too broad and unduly burdensome. Based on the argument presented at the hearing, the court believes that copies of citations for the properties listed in Plaintiff's Exhibit A are sufficient.

Counsel for Defendant raised the specter of personal information being divulged. Unless the filing is under seal, it is a matter of public record and the court will order its disclosure. At the same time, the court is mindful of Defendants' concerns, and will order Plaintiff not to disclose any of the information contained in the citations to anyone, and order that she not use the information for any purpose other than advancing this litigation. If Defendants believe that a more restrictive confidentiality order is appropriate they can file a motion with the court.

**III.      Document Request # 28**

In Document Request 28, Plaintiff asked for "[c]opies of all Building/Fire/Zoning permit applications for all City of Harrisburg properties from 2000 to Present (including date approved)["]. (Doc. 52, Defs.' Br. in Opp. at 5.) Defendants objected to this request on the grounds that this information "is confidential in nature and may not be released by Defendants without permission of the property owner." (Doc. 47, Pl.'s Ex. E, at 21 of 39.)

At the hearing, Defendants presented a copy of a Pennsylvania regulation that permits them not to disclose the information requested by Plaintiff. *See* 34 Pa. Code § 403.85(e). Furthermore, Defendants presented compelling testimony that even in the absence of this regulation it would pose an undue burden

upon them to retrieve this information. This is due in large part to the filing system used by the city where building permit applications are kept in chronological order and separate from property files. Plaintiff's offer to do the leg work to sort through Defendants' files, while admirable, does not alleviate the burden for Defendants, and ignores the regulation noted above. Thus, for these reasons, the court will deny Plaintiff's motion to compel production of the information requested in her request number 28.

**IV.**      **L drive**

Plaintiff has requested an opportunity to look through a drive of Defendants' computer system. This request will be denied. At the hearing, Mr. Emerick testified that the L drive was migrated to the X drive in September 2008 and that drive contains over 64,000 documents. Plaintiff indicated that she believes there is property specific information in this drive that is essential to her case. The court will not order Defendants to comb through 64,000 documents with the hope that there is something useful to Plaintiff. This would pose an undue burden. Accordingly, the court will deny Plaintiff's motion to compel production of the contents of Defendants' L drive.

**V.**      **Plaintiff's Motion to Enlarge Discovery Deadline**

On February 17, 2010, Plaintiff filed a motion to enlarge the discovery deadline. (Doc. 59.) The court will grant this motion and will enlarge the discovery deadline until April 15, 2010. The court will also change the remaining case management deadlines.

**VI.	Conclusion**

The court will issue an order consistent with this memorandum

s/Sylvia H. Rambo<br>United States District Judge

Dated: March 2, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAINE ANDREWS,** | : Civil No. 08-1669 |
| Plaintiff | : |
| v. | : JUDGE SYLVIA H. RAMBO |
| **BUREAU OF CODES ADMINISTRATIVE OFFICE,** *et al.*, | : |
| Defendants | : |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's amended motion to compel discovery, (Doc. 45), is **GRANTED IN PART, and DENIED IN PART**, as follows:

(1) Plaintiff's motion is **GRANTED** as follows:

(a) As to document request number 21, Defendants are ordered to produce any property inspection notes that they have for the list of properties in Plaintiff's Exhibit A to her request for production of documents. They are instructed to order their codes inspectors to check their files and turn over any notes that they may have for these properties; and

(b) As to document request numbers 22, 23, and 24, Defendants are ordered to produce all citations that comply with those requests for the properties listed in Exhibit A to Plaintiff's request for production of documents. Plaintiff shall not disclose any of the information contained in the citations to anyone, and she shall not use the information for any purpose other than advancing this litigation. If Defendants believe that a more restrictive confidentiality order is appropriate, they can file a motion with the court.

(2) Plaintiff's motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Enlarge Discovery Deadline, (Doc. 59), is **GRANTED**, but no further extensions of this deadline shall be made unless dictated by compelling circumstances. The following case management deadlines will control the remainder of the case:

| | |
|---|---|
| Discovery Deadline | April 15, 2010 |
| Dispositive Motions & Supporting Briefs | May 3, 2010 |
| Motions in Limine & Supporting Briefs | July 6, 2010 |
| Motions in Limine Responses | July 16, 2010 |
| Motions in Limine Replies | July 23, 2010 |
| Pretrial Memoranda, Proposed voir dire, & Proposed Jury Instructions | August 5, 2010 by noon |
| Pretrial Conference | August 12, 2010 at 1:30 p.m. |
| Jury Selection/Trial Date | September 7, 2010 at 9:30 a.m. |

All other provisions of the original case management order remain unaltered.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: March 2, 2010.