IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAINE ANDREWS,** | Civil No. 08-1669 |
| **Plaintiff** | JUDGE SYLVIA H. RAMBO |
| v. | |
| **BUREAU OF CODES ADMINISTRATIVE OFFICE,** *et al.*, | |
| **Defendants** | |

# **M E M O R A N D U M and O R D E R**

Before the court is Plaintiff's Motion to Enlarge Discovery Timeline/Expand Discovery Deadline and Motion to Compel a Discovery Response. (Doc. 73.) This is the latest motion in an ongoing discovery battle between Plaintiff, who is proceeding *pro se*, and Defendants. The history of the discovery dispute between the parties can be found in the court's memoranda and orders issued on February 19, 2010, (Doc. 64), and March 2, 2010, (Doc. 69), as well as the transcript of the discovery hearing held on March 1, 2010, (Doc. 70).

It appears that on March 13, 2010, after the discovery hearing, Plaintiff sent Defendants an additional set of discovery requests. (*See* Ex. B to Pl.'s Mot. to Enlarge Discov., Doc. 73 at 7-17.) These discovery requests consist of a request to inspect documents, interrogatories, and a request for production of documents. In her motion, Plaintiff contends that Defendants failed to respond to any of these requests. On April 19, 2010, the court ordered Defendants to show cause why Plaintiff's motion should not be granted. (Doc. 76.) Defendants filed their response on April 30, 2010, (Doc. 77), and Plaintiff filed a reply brief on May 14, 2010, (Doc. 79). Thus, Plaintiff's motion is ripe for disposition.

Defendants assert that all of the documents responsive to either the request to inspect documents or the request for production of documents have already been turned over to Plaintiff or are covered by the court's previous order dated March 2, 2010, which permitted Defendants to <u>not</u> disclose certain information, such as copies of permit applications. (*See* Doc. 69, Mar. 2, 2010, Mem. & Order.) Plaintiff concedes that this is true, at least in part, in her reply brief. There, Plaintiff states that on April 16, 2010, Defendants responded to the request for production of documents, but that this response was late and incomplete. For instance, Plaintiff states:

> Defendants have either not provided a list or statement that they have no records for certain documents requested and or have not provided any response to Plaintiff's request. For example, Defendants's [sic] did not provide any statements indicating that citations don't exist for certain properties listed in Plaintiff's Exhibit A nor have the[y] provided any statements that documents request in each of the request documents in Plaintiff's Request for Production of Documents doesn't exist . . .
>
> . . .
>
> For example, Defendant's [sic] have not provided the Certificate of Occupancies for the properties listed in . . . Exhibit A as they claimed in their April 30, 2010 Response.

(Doc. 79, Pl.'s Reply Br. at 1-2.)

Thus, Plaintiff is upset with the manner in which Defendants responded, contends that Defendants have not provided the actual certificates of occupancy, and also asserts that there is additional information that has not been disclosed.

For their part, Defendants state that they produced "computerized records and other documents which clearly show when, if at all, construction residential permits and/or Certificates of Occupancy were issued for the properties in question." (Doc. 77, Defs.' Br. in Opp'n at 2.) Defendants state that these records

2

contain the same information as would be on the actual permits and certificates of occupancy. (*Id.*) Plaintiff asserts that she cannot locate the information that she requests on the computerized records.

The exchange between the parties concerning Plaintiff's interrogatories is equally disagreeable. For instance, Defendants claim that Plaintiff's interrogatories are unnecessarily broad and repetitive. In response, Plaintiff states that the information sought is not repetitive and is narrowly tailored.

From where the court sits, the dispute between the parties is due in no small part by their apparent lack of communication. The parties have corresponded by e-mail and through letters, as well as an exchange of motions filed in this court. However, it is unclear whether they have actually spoken to each other. For instance, nowhere does Plaintiff indicate that she called counsel for Defendants to inquire when she would receive the information responsive to her requests. Furthermore, it is clear from Defendants brief that counsel for Defendants did not contact Plaintiff to try and clear up any confusion concerning the documents produced. Instead, the parties appear ready to engage in a perpetual dispute concerning whether information sent by Defendants is responsive to the information sought by Plaintiff. If the parties do not want to communicate on their own about their disagreement, the court has little choice but to require them to do so.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion to compel discovery is **denied without prejudice**;

(2) Plaintiff and counsel for Defendant shall meet face to face on or before June 30, 2010 in a place that is mutually convenient for both parties. At this meeting, the parties shall make every effort to resolve their differences concerning what discovery is outstanding, and shall come to a consensus as to how this

discovery will be provided. If the parties cannot agree about what information is outstanding, and whether Plaintiff is entitled to receive it, they shall file with the court a **JOINT STATEMENT** which objectively sets forth what information is being sought, the reason that it is being sought, and why it is not being provided. This statement is due within ten (10) days from the date of the parties' face to face meeting. The court will then make a determination about whether Plaintiff is entitled to receive the information requested.

(3) Any discovery that the parties agree is due shall be provided to Plaintiff by no later than July 15, 2010.

(4) Neither party is permitted to make any additional discovery requests upon the other party. With the exception of resolving the dispute between the parties concerning Plaintiff's March 13, 2010 discovery requests, discovery is now closed.

(5) The following case management deadlines will control the remainder of the case:

| | |
|---|---|
| Dispositive Motions & Supporting Briefs | August 16, 2010 |
| Motions in Limine & Supporting Briefs | October 11, 2010 |
| Motions in Limine Responses | October 21, 2010 |
| Motions in Limine Replies | October 28, 2010 |
| Pretrial Memoranda, Proposed voir dire, & Proposed Jury Instructions | November 11, 2010 by noon |
| Pretrial Conference | November 18, 2010 at 2:00 p.m. |
| Jury Selection/Trial Date | December 6, 2010 |

4

(6) All other provisions of the original case management order remain unaltered.

s/Sylvia H. Rambo  
United States District Judge

Dated: June 7, 2010.